UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY RAY PETERSON, | ) | CIV. 12-4185-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RVS LINE, L.L.C., a California Limited Liability Company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Timothy Ray Peterson, brought suit alleging a negligence cause of action under the doctrine of respondeat superior against defendant, RVS Line, L.L.C. Peterson now moves to require RVS Line to retain a lawyer. RVS Line has not responded.

## BACKGROUND

The facts pertinent to this order are as follows: Peterson filed his complaint on October 26, 2012. The sheriff's office in Sacramento, California, served the summons and complaint on RVS Line on December 13, 2012. Roman Solovyev, who identified himself as President of RVS Line, filed an answer dated December 14, 2012. Solovyev has not been admitted to practice law in this court. Peterson now moves this court to require RVS Line to retain a lawyer.

## DISCUSSION

Generally, parties are able to represent themselves pro se. *See* 28 U.S.C. § 1654. But the Eighth Circuit has held that § 1654 does not apply to corporations. *Carr Enterprises v. United States*, 698 F.2d 952, 953 (8th Cir.

1983) (reasoning that § 1654 "has never been interpreted to allow an individual to appear for a corporation pro se."). This interpretation "reflects the ancient common law tradition" that a corporation can only appear in court with an attorney. *Beaudreault v. ADF, Inc. & ADLA, LLC*, 635 F. Supp. 2d 121, 121 (D.R.I. 2009) (citing *Osborn v. Bank of the United States*, 22 U.S. 738, 830 (1824)). The rule requiring corporations to be represented by an attorney applies to limited liability companies and corporations with one sole shareholder. *See, e.g.*, *Superior Composite Structures, LLC v. Abersham Commercial, Ltd. and Malcolm Parrish*, Civ. 10-4066-KES, Docket 32, (D.S.D. Apr. 29, 2011) (refusing to allow limited liability corporation to be represented pro se); *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 646-47 n.1 (D. Minn. 2002) ("Even sole shareholders of corporations are prohibited from representing such corporations *pro se*."); *Energy Lighting Mgmt., LLC v. Kinder*, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2005) (refusing to allow counsel for a limited liability company to withdraw without substitution); *Int'l Ass'n of Sheet Metal Workers v. AJ Mech.*, No. 99-451, 1999 WL 447459, at *1-2 (D. Or. June 16, 1999) (same).

Because Solovyev is prohibited from representing RVS Line in this court, the court will give RVS Line thirty days to hire a lawyer and have its lawyer file an answer to the complaint. Failure to file an answer signed by a lawyer may result in the answer on file being stricken and the entry of a default against the corporation. *See, e.g.*, *CitiMortgage, Inc. v. Paragon Home Lending, LLC*, No. 4:07-

CV-1492, 2008 WL 4488952, at *2 (E.D. Mo. Oct. 1, 2008) (reasoning that because the corporation "ignored Court orders and failed to hire substitute counsel," the corporation's "pleadings were stricken from the record and a default was entered against it pursuant to Fed. R. Civ. P. 55(a), which is a prerequisite to the granting of a default judgment under Rule 55(b)."); *Maersk Line v. Phoenix Agro-Industrial Corp.*, No. CV-07-3169, 2009 WL 1505281, at *3 (E.D.N.Y. May 27, 2009) (" 'It is settled law . . . where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55.' " (quoting *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975))); *Folts v. E. Asset Mgmt., LLC*, No. 08-CV-0255A, 2010 WL 1292529, at *1 (W.D.N.Y. Mar. 3, 2010) ("Disregard of a court order to retain counsel is a failure, under Rule 55(a) to 'otherwise defend.' " (citing *Shapiro, Bernstein & Co. v. Continental Record Co., Inc.*, 386 F.2d 426, 427 (2d Cir. 1967))). It is

ORDERED that the motion of Peterson (Docket 31) to require RVS Line to retain a lawyer is granted, and RVS Line has thirty days to hire a lawyer and file an answer to the complaint.

Dated February 13, 2013.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE