UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY RAY PETERSON, | ) | CIV. 12-4185-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RVS LINE, L.L.C., a California Limited Liability Company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Timothy Ray Peterson, moves to strike defendant, RVS Line, L.L.C.'s, answer and for an entry of default. RVS Line has not responded and the time for response has passed. The motion is granted.

Peterson served the summons and complaint on RVS Line on December 12, 2012. On December 17, 2012, a pro se answer was filed signed by Roman Solovyev, President of RVS Line. In response to a motion by Peterson, the court entered an order on February 13, 2013, notifying RVS Line that a limited liability corporation can only appear in court with an attorney and cannot be represented pro se. Docket 15 at 2. The order warned RVS Line that "[f]ailure to file an answer signed by a lawyer may result in the answer on file being stricken and the entry of a default against the corporation." *Id.* The court gave RVS Line 30 days to hire a lawyer and to file an answer to the complaint. Docket 15 at 3. RVS Line still has not filed an answer signed by a lawyer and

more than 30 days have passed. RVS Line has not requested an extension of time to obtain counsel. Peterson now moves to strike the pro se answer. Based on RVS Line's failure to hire a lawyer and to file an answer to the complaint with more than 90 days passing since the court issued its warning, the court strikes the answer.

Peterson also moves for entry of default. Under the Federal Rules of Civil Procedure, a court may enter default judgment against any party that fails to answer or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). Because a limited liability corporation cannot proceed pro se, a corporate defendant's failure to obtain counsel is a failure to "otherwise defend" under Rule 55(a). *Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d 426, 427 (2d Cir. 1967). *See also Securities & Exchange Comm'n v. Research Automation Corp.,* 521 F.2d 585, 589 (2d Cir. 1975). "When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998). In light of the fact that RSV Line has failed to plead or otherwise defend against the complaint, the clerk of court is directed to enter a default under Rule 55(a). Entry of a default judgment under Rule 55(b) must wait. *See Tollefson v. Pladson,* 2013 WL 1943429 (8th Cir. May 13, 2013). It is

ORDERED that Peterson's motion to strike RSV Line's answer (Docket 17) is granted. The clerk is directed to enter the clerk's default pursuant to Rule 55(a).

Dated May 29, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE